

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

March 18, 1976

The Honorable Ned Granger
Travis County Attorney
Travis County Courthouse
Austin, Texas 78701

Opinion No. H- 797

Re: Whether a county
may compensate employees
for unused sick leave.

Dear Mr. Granger:

You have requested our opinion regarding whether a county may compensate its employees for unused sick leave. You state that Travis County is contemplating the adoption of a policy by which

> [e]mployees who officially retire after 10 or more years of service to the County shall be paid, on a per diem basis, one-half of their current salary for each day of sick leave accrued but not taken.

The commissioners court is empowered by article 2372h-1, V.T.C.S., "to provide for . . . sick leaves, without deduction or loss of pay." Article 3912k, V.T.C.S., authorizes the commissioners court to "fix the amount of compensation . . . and all other allowances for county and precinct officials and employees who are paid wholly from county funds." In our opinion, there exists ample statutory authority for the commissioners court to provide for the payment of compensation to its retiring employees for a portion of their unused sick leave.

We do not believe that there are any constitutional obstacles to the adoption of such a policy. In Attorney General Opinion H-51 (1973), we held that a county may not authorize the payment of funds to the survivors of a deceased county employee if the employee had no right to the funds at the time of his death, because such payment would constitute an impermissible gift or grant of public moneys under article 3, sections 51, 52 and 53 of the Texas Constitution. But the commissioners court was permitted, without violating the constitutional prohibition, to compensate the survivors for the decedent's vacation time and any other compensation previously earned by the employee. Since your question contemplates that at the time of his retirement the employee would be compensated only for sick leave previously earned, there would appear to be no constitutional inhibition affecting the implementation of such a policy. Thus, it is our opinion that a county may compensate its retiring employees for a portion of their sick leave accrued but not taken.

### S U M M A R Y

A county may compensate its retiring
employees for a portion of their sick
leave accrued but not taken.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb